UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH S. LANGENDORF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-1732-MTS |
| ) | |
| AMERICAN FAMILY MUTUAL ) | |
| INSURANCE COMPANY, S.I., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff's "Notice of Voluntary Dismissal." Doc. [16]. It purports to unilaterally dismiss this action without prejudice. *See id.* It does not do so. Pursuant to Rule 41(a)(1)(A), a plaintiff can dismiss an action without a court order via "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or by "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). *See also Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979) (explaining Rule 41(a)(1)'s limitation entitles a defendant, once it has "actively engaged in the defense of a suit" to have the case adjudicated and prevents dismissal "without either his consent, permission of the court, or a dismissal with prejudice that assures him against the renewal of hostilities").

Here, Defendant has filed an Answer in this action. *See* Doc. [8]. Thus, Plaintiff cannot file a notice of dismissal, and this action remains live. *See Wilson v. Crouse-Hinds Co.*, 556 F.2d 870, 873 (8th Cir. 1977) ("A unilateral dismissal or amendment

cannot be accomplished . . . after an answer has been filed."); *Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 344 (5th Cir. 2019) (explaining that the filing of an amended complaint does not revive the plaintiff's absolute right to dismissal under Rule 41(a)(1)(A)(i) (citing *Armstrong v. Frostie Co.*, 453 F.2d 914, 916 (4th Cir. 1971))). To avoid confusion, the Court will instruct the Clerk of Court to strike Plaintiff's ineffective Notice of Voluntary Dismissal. Plaintiff may file a stipulation of dismissal, if appropriate, *see* Fed. R. Civ. P. 41(a)(1)(A)(ii), or Plaintiff may seek an order of dismissal, *see id.* at 41(a)(2); *Perkins v. Frye*, 151 F.4th 968, 971 (8th Cir. 2025) (explaining Rule 41(a)(2) prevents voluntary dismissals that unfairly affect the other side). *See also* Doc. [13] at 2 (instructing the parties to "comply with the Federal Rules of Civil Procedure"). In the meantime, this case remains live.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **STRIKE** Plaintiff's Notice of Voluntary Dismissal, Doc. [16], from the record.

Dated this 30th day of December 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE